**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JEROME HIGHTOWER, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-02491-TLP-tmp |
| | ) | |
| SHELBY COUNTY, LEE HARRIS, Shelby County Major, and ANTHONY ALEXANDER, SCCC Director, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT WITH PREJUDICE,**
**DENYING LEAVE TO AMEND,**
**CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,**
**DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL, AND**
**NOTIFYING PLAINTIFF OF STRIKE RECOMMENDATION**

Plaintiff Jerome Hightower, Sr., sues here pro se under 42 U.S.C. § 1983.[1] (ECF No. 2.) The Court granted leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915, *et seq*. (ECF No. 9.)

Plaintiff sued Shelby County, Tennessee ("Shelby County"), Shelby County Mayor Lee Harris ("Harris"), and SCCC Director Anthony Alexander ("Alexander"). (ECF No. 2 at PageID 2–3.) He alleged that Harris and Alexander "ha[ve] been grossly negligent in the[i]r[] leadership, management[,] and daily operation of SCCC. I have personally witnessed over 100

[1] When Plaintiff filed the Complaint, he was an inmate at the Shelby County Corrections Center ("SCCC") in Memphis, Tennessee, and was assigned prisoner identification number 51713. (ECF No. 2 at PageID 3; ECF No. 2-1 at PageID 5.) On August 14, 2026, Plaintiff notified the Clerk that he had been transferred to the St. Louis City Justice Center in St. Louis, Missouri. (ECF No. 10 at PageID 20.)

near fatal drug overdoses. This has caused me sever[e] anxiety, depression[,] and many headaches." (*Id*. at PageID 3.) The Court construes this as a negligence claim. (*See id.*) Plaintiff seeks $1,000,000.00 "for pain and suffering." (*Id*. at PageID 4.)

For the reasons explained below, the Court **DISMISSES WITH PREJUDICE** the Complaint and **DENIES** Plaintiff leave to amend.

## LEGAL STANDARDS

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that rises above the speculative level and is plausible on its face." *Segrist v. Bank of N.Y. Mellon for Certificateholders of CWABS, Inc. Asset-Backed Certificates Series 2003-2*, 744 F. App'x 932, 934 (6th Cir. 2018) (citation modified). A plaintiff's claim is facially plausible when it reflects enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

To evaluate whether a plaintiff has plausibly pleaded a claim, this Court must "accept as true well-pleaded factual allegations in the plaintiff's complaint." *White's Landing Fisheries, Inc. v. Ohio Dep't of Nat. Res., Div. of Wildlife*, 174 F.4th 493, 497 (6th Cir. 2026). And it must also construe the complaint in the light most favorable to the plaintiff while drawing all reasonable inferences in his favor. *Segrist*, 744 F. App'x at 935. Still, a complaint must contain

"direct or inferential allegations respecting all the material elements under some viable legal theory." *See Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) (citation modified).

Courts screening cases accord more deference to pro se complaints than to those drafted by lawyers. Indeed, this Court must "liberally construe[]" pro se plaintiffs' pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified). As a result, it applies to Plaintiff's Complaint a "less stringent standard[] than formal pleadings drafted by lawyers." *See id.* (citation modified). Pro se plaintiffs must nevertheless plead enough "factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (emphasis removed) (citation modified). Despite this Court's duty to construe liberally a pro se plaintiff's filing, liberal construction has its "limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Plaintiff presses a claim under 42 U.S.C. § 1983. (ECF No. 2 at PageID 2.) To bring a § 1983 claim, a plaintiff must plausibly allege a deprivation of rights secured by the "Constitution and laws" of the United States, and that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## **ANALYSIS**

### I. Negligence Claim

"[M]ere negligence may not serve as a basis for a section 1983 claim." *Yates v. City of Cleveland*, 941 F.2d 444, 447 (6th Cir. 1991). Negligent conduct simply does not amount to a constitutional deprivation. *See Lewellen v. Metro. Gov't of Nashville & Davidson Cnty.*, 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest" (citation modified)).

Plaintiff's claim against Harris and Alexander alleges negligent leadership but does not allege the deprivation of a constitutional right. (*Compare id.*, *with* ECF No. 2 at PageID 2.) What is more, "[m]erely listing names [such as the County] in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Plaintiff simply lists Shelby County in the Complaint's caption and fails to allege any facts about its conduct. *See id.*

So the Court **DISMISSES WITH PREJUDICE** Plaintiff's negligence claims against all Defendants for failure to state a claim.

## II. Claim About Other Prisoners' "Near Fatal Drug Overdoses"

Plaintiff also alleges that he has "witnessed over 100 near fatal drug overdoses" at the SCCC. (ECF No. 2 at PageID 3.) As much as Plaintiff tries to bring a claim on behalf of other inmates based on Harris's and Alexander's alleged failures, he lacks standing to do so.

The "irreducible constitutional minimum of standing" requires an injury in fact. *Hardrick v. Huss*, 155 F.4th 518, 529 (6th Cir. 2015) (citation modified). That injury in fact must be "fairly traceable to the defendants' conduct." *Id.* And it must be "likely redressable by a favorable judicial decision." *Id.* So a prisoner asserting claims under § 1983 "is limited to asserting alleged violations of his own constitutional rights and," in this case, "lacks standing to assert the constitutional rights of other prisoners." *See Newsom v. Norris*, 898 F.2d 371, 381 (6th Cir. 1989).

Plaintiff's allegations about witnessing drug overdoses do not show that he suffered a concrete or particularized injury. (*Compare Hardrick*, 155 F.4th at 529, *with* ECF No. 2 at PageID 3.) He does not claim that *he* suffered physical injury because other SCCC inmates

overdosed on drugs. (ECF No. 2 at PageID 3.) What he does contend does not suffice: by witnessing others' "near fatal drug overdoses," he suffered "anxiety, depression and many headaches." (*Id.*; *see Newsom*, 898 F.2d at 381.)

The Court likewise **DISMISSES WITH PREJUDICE** Plaintiff's claim under § 1983 based on witnessing other inmates' drug overdoses.

## III. Amendment Under the PLRA

A district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"). But Plaintiff cannot cure the deficiencies in his Complaint merely by repleading these claims; after all, they fail as a matter of law. *Cf. Lucas v. Chalk*, 785 F. App'x 288, 291–92 (6th Cir. 2019). So the Court **DENIES** leave to amend.

## IV. Notice of Strike Recommendation

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting in forma pauperis status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Court recommends that this case's dismissal be treated as a strike under § 1915(g). *See, e.g.*, *Simons v. Washington*, 996 F.3d 350, 351 (6th Cir. 2021).

## V. Appellate Issues

The Court **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3) that any appeal by Plaintiff would not be taken in good faith. So it **DENIES** Plaintiff leave to proceed in forma pauperis on appeal.

If Plaintiff still chooses to file a notice of appeal, he must either pay the entire $605.00 appellate filing fee or, if he is confined at that time, submit a new in forma pauperis affidavit and current, certified copy of his inmate trust account for the last six months. *See* 28 U.S.C. § 1915(a)–(b).

## CONCLUSION

The Court thus **DISMISSES WITH PREJUDICE** Plaintiff's Complaint and **DENIES** leave to amend. It recommends that this dismissal be treated as a strike under § 1915(g). *See Simons*, 996 F.3d at 351. The Court also **CERTIFIES** that an appeal would not be taken in good faith and **DENIES** leave to proceed in forma pauperis on appeal.

This case is **DISMISSED WITH PREJUDICE** in its entirety.

**SO ORDERED**, this 17th day of November, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE